IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARA CRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:06-cv-611-GPM |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the defendant, the Commissioner of Social Security, on November 28, 2006 (Doc. 11). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Social Security Administration to deny her Disability Insurance Benefits. On November 14, 2005, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled under the act, and therefore not entitled to benefits (Doc. 6). Plaintiff appealed the ALJ's decision, but in a letter dated June 9, 2006, the Appeals Council denied review (Doc. 6). The letter informed Plaintiff that she could appeal the decision of the Appeals Council by filing a civil action in a

United States District Court within 60 days of the date of the letter.  The letter also stated, "[w]e assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  Based on this explanation, the Court assumes Plaintiff received the letter on June 14, 2006, five days after its June 9, 2006, date stamp.  Thus, Plaintiff would have to have filed this action by August 13, 2006, 60 days after June 14, 2006.  Because August 13, 2006, was a Sunday, Plaintiff had one extra calendar day, or until Monday, August 14, 2006, to file the civil action.  See Fed. R. Civ. P. 6(a).

On August 7, 2006, upon receipt of the Plaintiff's filing fee, the Clerk of the Court opened this case (Doc. 1).  On August 8, 2006, Plaintiff electronically filed her complaint in the action (Doc. 2).  On August 15, 2006, the Clerk entered a Notice Striking Electronically Filed Documents, informing Plaintiff that because her pleading was not signed, the electronically-filed complaint was being stricken.  She was instructed to refile the document without altering it, except for adding the signature (Doc. 4).  The next day, on August 16, 2006, Plaintiff filed the signed complaint (Doc. 5).

In its Motion to Dismiss (Doc. 11), the Defendant argues that because the electronically-filed complaint was stricken and not refiled until August 16, 2006, two days after the 60-day limitations period expired, it should be considered untimely under the statute, and the case should be dismissed with prejudice.  Plaintiff argues in response that the action was timely filed because the complaint was not stricken by the clerk until after the 60-day deadline had expired, and even if the refiling of the complaint on August 16, 2006, was untimely, the refiled complaint "relates back" to the original pleading under Federal Rule of Civil Procedure. 15(c).

### CONCLUSIONS OF LAW

Under 42 U.S.C. § 405(g), a federal district court may review the findings of a final decision of the Commissioner of Social Security.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner interprets this statute to mean that "any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency." 20 C.F.R. § 422.210(c).

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." The Seventh Circuit holds the view, however, that "an unsigned pleading is not invalid." Holley Coal Co. v. Globe Indem. Co., 186 F.2d 291, 295 (7th Cir. 1951). Failure to sign a pleading or motion is merely a non-fatal "technical defect." See Reece v. Wal-Mart Stores, Inc., 98 F.3d 839, 843 (5th Cir. 1996). The Seventh Circuit does not require dismissal under Rule 11 for failure to sign "unless the adverse party has been severely prejudiced or misled by the failure to sign." United States v. Kasuboski, 834 F.2d 1345, 1348 (7th Cir. 1987). Other courts have held that in cases where the properly signed document was returned to the clerk promptly after the defect was pointed out, a pleading or motion is considered filed on the date the unsigned document was first presented to the clerk for filing. See Adams v. Perloff Brothers, Inc., 784

F.Supp. 1195 (E.D. Pa. 1992). Similarly, the Supreme Court has rejected a formalistic view of Rule 11 by holding that a party's failure to sign a notice of appeal may be cured by refiling a properly-signed document, even after the time to appeal has expired. See Becker v. Montgomery, 532 U.S. 757, 763-64 (2001).

In the undersigned's view, the instant action "commenced" and was "instituted" on the date the case was opened, August 7, 2006. The complaint was electronically filed the next day, August 8, 2006, within the 60-day period prescribed by statute. The Defendant has not demonstrated it was prejudiced or misled by the Plaintiff's technical failure to electronically sign the complaint. Moreover, there is no indication in the record that the failure to sign was anything more than simple oversight. Furthermore, Plaintiff promptly cured the defect the day after the clerk identified the complaint as unsigned. Based on the foregoing, the undersigned cannot thereby recommend dismissal of the action with prejudice because of the mere "technical defect" of failing to sign the complaint.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the defendant, Commissioner of Social Security, on November 28, 2006, (Doc. 11) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law. It is **FURTHER RECOMMENDED** that the Commissioner be ordered to answer the complaint and to include with the answer "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." See 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  November 13, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**